UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    04 CV 3351 (NG) (SMG)
GARY PINCHASOW,

                           **Plaintiff,**

   -against-                                     **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                           **Defendant.**
----------------------------------------------------------------X

**GERSHON, United States District Judge:**

Plaintiff seeks to recover damages from the United States[1] for personal injuries sustained in an automobile collision with a United States Postal Service vehicle. Defendant has moved to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, asserting that plaintiff failed to comply with the jurisdictional prerequisites set forth in the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 1291, 1346, 1402, 2401, 2402, 2411, 2412, and 2671-80. For the reasons set forth below, defendant's motion to dismiss is granted.

## FACTS

Except as noted, the following facts are not in dispute: On August 25, 2001, a vehicle driven by plaintiff was involved in a collision with a vehicle belonging to the United States Postal Service.

---

[1] Initially, plaintiff named two defendants in this action: Aaron N. Fletcher and the United States Postal Service. At a pre-motion conference held on January 10, 2005, plaintiff's counsel agreed on the record to terminate his claims against those defendants and substitute the United States as the sole defendant in accordance with 28 U.S.C. § 2679.

1

On September 22, 2001, plaintiff's counsel sent a letter of representation to the Postmaster, via certified mail, return receipt requested, indicating that plaintiff intended to institute an action against the Postal Service for personal injuries sustained by plaintiff. The letter did not specify a sum certain for damages. Counsel received a letter in reply from J. Zerbarini of the Accident & Claims Department of the Postal Service, dated October 2, 2001, indicating that plaintiff's claim had been assigned a claim number by the Postal Service, and that future correspondence concerning the claim should be addressed to his office.

Shortly after, counsel received a letter from Elizabeth Jackson, Mr. Zerbarini's supervisor, dated October 5, 2001, advising him that proper presentation to the Postal Service of a claim for personal injuries required receipt by the Postal Service of a completed standard form 95 ("SF-95"). The letter stated, in relevant part:

> Enclosed you will find standard Form 95 which is the prescribed form necessary for the presentation of claims for Damage, Injury, or Death.
>
> The Postal Service requires that property damage, personal injury, or death claims be supported by documents stipulated in "instructions," on the reverse side of the SF-95 Claim Form, (read paragraphs A, B, C, & D).
>
> . . .
>
> Upon receipt of the completed ORIGINAL SF-95 Form, be assured that the accident for which the form was submitted will be carefully investigated, and all properly completed supporting documents will be processed by this office, subsequently forwarding to the proper Authorities for consideration, and any further action this investigation may warrant.

The instructions on the back of SF-95 stated that "[a] claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or legal representative an executed standard form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain," as well as that "[f]ailure to specify a sum certain will result in

invalid presentation of your claim and may result in forfeiture of your rights."

On October 18, 2001, a paralegal working for plaintiff's counsel telephoned Mr. Zerbarini to clarify the timeline for submitting plaintiff's medical records to the Postal Service. Mr. Zerbarini informed her that plaintiff's medical records should be submitted within two years. The paralegal contends that, the next day, after discussing the matter with plaintiff's counsel, she sent a fully completed SF-95, asserting a claim for $1,000 in property damage and $1,000,000 in personal injuries, to Ms. Jackson via regular mail. Zhuravskaya Decl. ¶¶ 6-7. Ms. Jackson maintains, however, that she never received the completed form. On October 7, 2001, she executed a declaration that states, in relevant part: "I have done a diligent search for an administrative claim for personal injuries for Gary Pinchasow and met with negative results." Jackson Decl. ¶ 3.

On June 27, 2002, plaintiff filed suit in the Supreme Court of New York, Queens County, against the Postal Service and the driver of the vehicle involved in the collision with plaintiff's vehicle. The complaint contained a demand for $10,000,000. The Postal Service removed the action to federal court on August 30, 2002, where it was assigned docket number 02 CV 4719 (ERK) (CLP). In October 2002, after being advised by counsel that the Postal Service intended to file a motion to dismiss based on failure to exhaust administrative remedies, plaintiff agreed to a voluntary dismissal of the case without prejudice. The stipulation of dismissal was so ordered by the court on November 13, 2002. Plaintiff's counsel contends that he thought that the failure to exhaust administrative remedies consisted of a failure to submit plaintiff's medical records to the Postal Service. Counsel claims that he was unaware, at the time he signed the stipulation of dismissal, that the Postal Service had not received a completed SF-95.

On January 14, 2004, plaintiff's counsel received a telephone call from Mr. Zerbarini,

advising him that the Postal Service still had not received a completed SF-95 concerning plaintiff's claim. On January 16, 2004, plaintiff's counsel sent the Postal Service a copy of the SF-95 purportedly sent in October 2001, together with certain of plaintiff's medical records and authorizations to obtain additional medical records. On January 19, 2004, Mr. Zerbarini advised plaintiff's counsel that a copy of SF-95 was not acceptable; the original form was required. On January 22, 2004, plaintiff's counsel sent a newly completed SF-95 to Mr. Zerbarini, this time asserting no claim for property damage and a claim for $10,000,000 in personal injuries. This form was received by the Postal Service. On May 18, 2004, plaintiff's counsel received a denial of claim letter from the Postal Service. On August 5, 2004, plaintiff commenced this action, demanding $10,000,000.

Plaintiff's insurer, Allstate Insurance Company, timely submitted an SF-95 to the Postal Service for a property damage claim in the amount of $4,307.21 in connection with the accident from which plaintiff's claim arises.

## DISCUSSION

**I.  Standard of Review**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings. *Id*. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*

## II. Jurisdiction: Exhaustion of Administrative Remedies

The United States, as sovereign, "is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Markarova*, 201 F.3d at 113 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The doctrine of sovereign immunity is jurisdictional in nature. *Id.* The FTCA waives the United States's sovereign immunity for certain classes of tort claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. *See Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 80 (2d Cir. 2005).

As a prerequisite to federal court jurisdiction, the FTCA requires complete exhaustion of administrative remedies by a claimant. The statute provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," 28 U.S.C. § 2401(b), and that a claimant may not institute a lawsuit "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," 28 U.S.C. § 2675(a).

Here, defendant asserts that plaintiff failed to present a timely notice of claim to the Postal Service. Plaintiff argues, in response, that he presented three notices of claim to the Postal Service within the two year claims period prescribed by 28 U.S.C. § 2401(b): counsel's letter of

5

representation dated September 22, 2001, the SF-95 purportedly sent on October 19, 2001, and the summons and complaint filed in New York Supreme Court on June 27, 2002. The court will consider each of these separately.

### A. The September 22, 2001 Letter of Representation

The procedure for presenting a tort claim to a federal agency is set forth in 28 C.F.R. § 14.2, which provides in relevant part: "For purposes of the provisions of [the FTCA], a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Counsel's letter of representation, dated September 22, 2001, does not satisfy the requirements for presenting a claim because it does not specify a claim for money damages in a sum certain.

### B. The October 19, 2001 SF-95

The government argues that, pursuant to 28 C.F.R. § 14.2(a), a claim has not been presented to an agency until that agency actually receives the requisite notice of claim, and that, since the Postal Service did not receive the SF-95 purportedly sent on October 19, 2001, the form cannot satisfy the presentment requirement of the FTCA. The Second Circuit has not had occasion to decide whether proof of mere mailing of a notice of claim to the appropriate federal agency is sufficient to satisfy the presentment requirement of the FTCA, or whether actual receipt by the

agency is required. The district courts of this circuit that have addressed the question have not reached uniform answers. *Compare Cordaro v. Lusardi*, 354 F. Supp. 1147, 1149 (S.D.N.Y. 1973) ("Proof of mailing creates a rebuttable presumption of receipt.") *with Payne v. United States*, 10 F. Supp. 2d 203, 205 (N.D.N.Y. 1998) ("[I]t is established that mailing alone is not enough; there must be evidence of actual receipt.") (internal quotation marks omitted). After a comprehensive and cogent analysis of the body of cases addressing the issue, the court in *Vecchio v. United States* recently concluded that actual receipt by the agency is required. *Vecchio v. United States*, ___ F. Supp. 2d ___, 2005 WL 2978699, *2-6 (S.D.N.Y. Nov. 3, 2005). The court reasoned that, in recent years, "the Supreme Court has repeatedly cautioned that the FTCA filing requirements are to be strictly construed and applied in favor of the Government, to protect the sovereign immunity of the United States from waiver in circumstances not contemplated by Congress," and that a rule requiring proof of actual receipt by the agency is most consistent with the Supreme Court's instructions. I agree with the *Vecchio* court and hold that proof of actual receipt of a notice of claim by the appropriate federal agency is required to satisfy the presentment requirement of the FTCA. Plaintiff has offered no evidence to establish that the Postal Service actually received the SF-95 that he claims was mailed on October 19, 2001.

Even if evidence of mailing by plaintiff creates a rebuttable presumption of receipt by the Postal Service, here, as in *Vecchio*, the government provides ample evidence to rebut the presumption. *See id.* at *4. The declaration of Elizabeth Jackson indicates that, as of October 7, 2002, no administrative claim for personal injuries suffered by Gary Pinchasow could be found in the Postal Service's files. Moreover, the government submits undisputed evidence that plaintiff's counsel voluntarily dismissed the lawsuit filed on June 27, 2002 as a result of plaintiff's failure to

7

exhaust administrative remedies.  Plaintiff's counsel contends that, at the time, he believed that the failure to exhaust consisted of a failure to submit plaintiff's medical records to the Postal Service. Given counsel's assertion elsewhere in his brief that, on October 8, 2001, his paralegal was told by Mr. Zerbarini that "we could send out the [SF-95] now and send medical records when the plaintiff finishes treatment," his proffered rationale for dismissing the suit is difficult to accept.  In addition, his contention that he believed that the SF-95 purportedly sent on October 19, 2001 served as the basis for the June 27, 2002 lawsuit is belied by the difference in the dollar value of the claims asserted in the SF-95 and the lawsuit's complaint.  The former asserts a claim for $1,001,000, while the latter asserts a claim for $10,000,000, nearly ten times more.  An action under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."  28 U.S.C. § 2675(b).  But neither the June 27, 2002 complaint nor the complaint in this case contains any allegations of newly discovered evidence or intervening facts.

In sum, the court holds that actual receipt of the SF-95 by the Postal Service is required to satisfy the presentment requirement of the FTCA and finds that plaintiff has provided no evidence of actual receipt.  Even if evidence of mailing creates a presumption of receipt, the government has submitted sufficient evidence to rebut the presumption.

### C. The June 27, 2002 Summons and Complaint

The government argues that allowing a prematurely filed state court action to satisfy the

FTCA's notice of claim requirement would be inconsistent with both the language of the statute and its legislative history, and would frustrate the aims of efficiency and judicial economy sought by the statute. I agree. In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court declared:

> The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil*, 508 U.S. at 112 (emphasis added) (footnotes omitted).

Moreover, a 1988 amendment to the FTCA provides that, whenever an action in which the United States is substituted as defendant is dismissed for failure to present a claim pursuant to 28 U.S.C. § 2675(a), "such claim shall be deemed to be timely presented under section 2401(b) of this title if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5); *see Celestine*, 403 F.3d at 83. The statutory amendment was intended to mitigate any hardship that the exhaustion requirement might impose on a plaintiff who institutes an action in state court against a defendant who is not readily identifiable as a federal employee. *See Celestine* 403 F.3d at 82-83. It makes clear that a prematurely filed lawsuit cannot, itself, serve as notice under the FTCA, though it can, in certain instances, extend the time a plaintiff has for presenting notice to the appropriate federal agency.

The Postal Service did not receive written notification of the incident giving rise to plaintiff's claim together with a claim for money damages in a sum certain until January 2004, well more than

9

two years after August 25, 2001, the date on which the incident took place. By that time, the claims period had expired. In a sur-reply, plaintiff argues that the claim submitted by plaintiff's insurer afforded defendant the opportunity "to thoroughly investigate the automobile accident from which plaintiff's personal injury claim arose." Plaintiff's Sur-Reply at 3. But the claim submitted by Allstate did not put defendant on notice of the existence or amount of plaintiff's claim, nor can it substitute for the notice plaintiff was required by statute to present.

In sum, because plaintiff failed to exhaust his administrative remedies in the time and manner prescribed by the FTCA, this court lacks jurisdiction to consider his claim.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
January 13, 2006